FANNIE MACFARLAND et al., Respondents, v. CLARA CLEVELAND, Appellant.— Judgment and order affirmed, with costs. All concur except LARKIN, J., who dissents and votes for reversal and for granting a new trial in the following memorandum: The Florida statute accords to these plaintiffs, one of whom was a guest of the driver of the car, a cause of action for "gross negligence or willful and wanton misconduct" only. The Supreme Court of Florida has interpreted "gross negligence" and "willful and wanton misconduct" to be synonymous. It also has held that a recovery cannot be predicated on ordinary negligence. Under the court's charge, to which the plaintiff did not except, the jury was instructed in accordance with the construction placed on the statute by the highest court of Florida. While the testimony in this record warrants a finding of negligence on the part of the defendant driver, it fails, in my opinion, to establish the quantum of negligence required by the Florida statute, permitting a recovery by a guest. There was probably enough to warrant a finding that the plaintiff was a passenger without payment for her transportation. (The judgment is for plaintiffs in an automobile negligence action. The order denies defendant's motion for a new trial.) Present — Taylor, P. J., McCurn, Larkin, Love and Kimball, JJ.

CHARLES J. FOX, Respondent, v. LESLIE B. FOX, Appellant.— Judgment affirmed, with costs. All concur. (The judgment is for plaintiff in an action for specific performance.) Present — Taylor, P. J., McCurn, Larkin, Love and Kimball, JJ. [See *post,* p. 869.]

AGNES M. GIUNTA, Respondent, v. JOHN DUBRECK, Appellant.— Order affirmed, without costs of this appeal to either party. All concur. (The order directs defendant to pay for the support of the child of complainant, together with medical expenses, in a filiation proceeding.) Present — Taylor, P. J., McCurn, Larkin, Love and Kimball, JJ.

HANFORD PIERCE, Respondent, v. PENNSYLVANIA RAILROAD COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur. (The judgment is for plaintiff in a railroad negligence action. The order denies a motion for a new trial.) Present — Taylor, P. J., McCurn, Love, Vaughan and Kimball, JJ.

ALAN D. OPPENHEIMER, INC., Respondent, v. HYGRADE FOOD PRODUCTS CORPORATION, Appellant.— Order affirmed, with $10 costs and disbursements. All concur. . (The order denies defendant's motion under rule 113 of the Rules of Civil Practice for a dismissal of the complaint and for summary judgment.) Present — Taylor, P. J., McCurn, Larkin, Love and Vaughan, JJ.

In the Matter of the Accounting of JOSEPH MARCZAK et al., as Executors of HELEN MARCZAK, Deceased Executrix of MARYANNA KOPACZ, Deceased, Respondents. STANISLAUS KOPACZ, Appellant.— Decree affirmed, with costs to respondent payable out of the estate. All concur. (The decree settles the accounts of an executrix.) Present — Taylor, P. J., McCurn, Larkin, Love and Vaughan, JJ.